IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHANNON D. ROBINETT, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 16-00155-CV-W-GAF<br>Crim. No. 08-00264-CR-W-GAF-1 |

## ORDER

Presently before the Court is Movant Shannon D. Robinett's ("Movant") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 1). Movant seeks to be resentenced in light of the recent Supreme Court decision in *United States v. Johnson*, -- U.S. --, 135 S. Ct. 2551 (2015). (*Id.*). Respondent United States of America (the "Government") opposes. (Doc. # 5). For the reasons set forth below, Movant's Motion is DENIED.[1]

---

[1] Movant's Motion to Vacate was originally filed on February 26, 2016. (Doc. # 1). At that time, the United States Supreme Court had not determined whether *Johnson* should be retroactively applied on collateral review, but had granted certiorari in *Welch v. United States*, -- U.S. --, 136 S. Ct. 1257 (2016), to determine whether the *Johnson* decision announced a new substantive rule of constitutional law that applied retroactively to cases on collateral review. The Court thus issued a stay in this case until a decision in *Welch* was reached. (Doc. # 7). On April 18, 2016, the Supreme Court decided *Welch* holding that "*Johnson* is retroactive in cases on collateral review." *Welch*, 136 S. Ct. at 1268. Accordingly, the stay in Movant's case is now lifted.

1

**DISCUSSION**

**I.  FACTS**

On September 23, 2008, Movant was indicted for being a felon in possession of a firearm.  (Crim. Case[2], Doc. # 11).  On January 21, 2009, Movant pled guilty to the Indictment.  (*Id.*, Doc. # 20).  Movant's presentence investigation report (the "PSR") was prepared and calculated Movant's sentencing guideline range as between 180 and 210 months.  (*Id.*, PSR ¶ 90).  This recommendation included a sentencing enhancement, because it was determined that Movant qualified as an armed career criminal within the meaning of the Armed Career Criminal Act (the "ACCA").  (*Id.*, PSR ¶ 24).  Movant's enhancement was based on eight prior felony convictions: two counts of burglary in the second degree, one count of second-degree robbery in Missouri, one count of robbery in Kansas, two counts of second-degree assault, one count of armed criminal action, and one count of escape.  (*Id.*, PSR ¶ 24).  Movant was sentenced to a 180 month term of imprisonment.  (*Id.*, Doc. # 25).

**II.  LEGAL STANDARD**

Under 28 U.S.C. § 2255, a movant may collaterally attack his sentence on four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'"  *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255).  Arguments that might warrant reversal on direct appeal do not necessarily support collateral attack.  *United States v. Frady*, 456 U.S. 152, 165 (1982).

---

[2] "Crim. Case" refers to the underlying criminal case, *United States v. Robinett*, No. 08-00264-CR-W-GAF-1.

**III.    ANALYSIS**

If an individual is found guilty of being a felon in possession of a firearm and "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the ACCA increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S.Ct. at 2555. A violent felony is defined as:

> any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id*. at 2563. Movant argues that his sentence was illegal under the Supreme Court's decision in *Johnson* because six of his eight predicate felonies – the two counts of burglary in the second degree, the two counts of robbery, the one count of armed criminal action, and the one count of escape – fell under the residual clause.[3]  (Doc. # 1, p. 2). Thus, Movant argues, his sentence should not have been enhanced under the ACCA. (*Id.*).

The Government agrees that Movant's prior felony convictions for armed criminal action and escape no longer qualify as predicate offenses under *Johnson*. (Doc. # 5, p. 2). Accordingly, this Court must determine whether Movant's prior robbery or burglary convictions qualify as predicate offenses in light of *Johnson*. As long as one of the convictions so qualifies, Movant's sentence stands.

Robbery is not an enumerated offense under 18 U.S.C. § 924(e)(2)(B) and thus only qualifies as a predicate offense if it "has as an element the use, attempted use, or threatened use

---

[3] Movant does not dispute that his other two predicate offenses, two counts of second-degree assault, qualify as predicate offenses without the use of the residual clause. (Doc. # 1, p. 2).

3

of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). When determining whether an offense meets the definition, the Court must first decide whether to apply the categorical or modified categorical approach. *Descamps v. United States*, --U.S.--, --, 133 S. Ct. 2276, 2281 (2013). Under the categorical approach, "a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson*, 135 S. Ct. at 2557 (2015) (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). However, if the underlying statute is a so-called "divisible statute" and encompasses multiple crimes, including some that do not qualify as a crime of violence, then the modified categorical approach is applied, which allows courts to examine a limited class of record materials to determine which crime was actually committed. *Descamps*, 133 S. Ct. at 2281.

Movant correctly states that the Missouri statute defining the crime of robbery in the second degree is indivisible, and therefore, the categorical approach applies. (Doc. # 1, p. 6). *See* Mo. Rev. Stat. §§ 569.010, 569.030; *Descamps*, 133 S. Ct. at 2285-86. The same is true of the Kansas statute defining robbery under which Movant was convicted. *See* Kan. Stat. § 21-5420. Accordingly, the Court must compare the elements of the relevant statutes with the definition of a violent felony in the ACCA to determine whether Movant's prior convictions qualify as predicate offenses.

Under the ACCA, a violent felony is defined as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). "Physical force" within the meaning of the ACCA was defined by the Supreme Court to mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") (emphasis in

4

original).  Specifically, *Johnson I* determined that a statute requiring only the slightest unwanted physical touch, such as a tap on the shoulder, did not require sufficient force.  *Id.* at 137-38.

Under Missouri law, "[a] person commits the crime of robbery in the second degree when he forcibly steals property."  Mo. Rev. Stat. § 569.030.  "[A] person 'forcibly steals', and thereby commits robbery, when, in the course of stealing, . . . he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) [c]ompelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft."  Mo. Rev. Stat. § 569.010(1).  On its face, Missouri's statute tracks almost identically the language of the ACCA, requiring the use or threatened use of physical force against another.  However, Movant urges this Court to look beyond the definition of robbery, and into the facts of individual cases where defendants were charged with second-degree robbery.  (Doc. # 1, p. 9).

Movant points to two specific examples where he argues the force required to support a conviction for second-degree robbery did not rise to the level of violent force.  (Doc. # 1, p. 9).  In *State v. Childs*, after raping the victim, the defendant tussled with the victim over her keys.  257 S.W.3d 655, 660 (Mo. Ct. App. 2008).  The Missouri Court of Appeals recognized that simply snatching property away from another was insufficient to meet the force requirement of Missouri second-degree robbery, but determined that, according to its definition, tussle meant "to fight, struggle; contend, . . . wrestle, [or] scuffle."  *Id.*  As such, the Missouri court concluded that tussling met the required level of force.  The force used in *Childs* as defined by the Missouri Court of Appeals meets the definition of physical force found in *Johnson I* because fighting, struggling, wrestling, or scuffling is force capable of causing physical injury or pain to another.  *See Johnson I*, 559 U.S. at 140.

5

In *State v. Harris*, the court stated that "seizing and trying to free the clothing [from the grasp of another] was sufficient for the forcible stealing of [§] 569.030 . . . even though the person of the victim was not touched by the defendant." 622 S.W.2d 742, 745 (Mo. Ct. App. 1981). However, earlier in the case, the court noted that the defendant had shoved the victim with her shoulder. *Id.* Shoving certainly meets the definition of physical force in *Johnson I* as it is capable of causing physical injury or pain. *See Johnson I*, 559 U.S. at 140. Additionally, *Harris* was decided in 1981, twenty-seven years before *Childs* was decided by the same court. In *Childs*, the Missouri Court of Appeals specifically stated that "[t]he sudden taking or snatching of property is not sufficient to support a second—degree robbery conviction[, w]here there is no evidence of physical contact with the victim . . . ." *Childs*, 257 S.W.3d at 660. Thus, even if *Harris* stood for the proposition that Missouri second-degree burglary could be achieved without touching the victim, that is no longer good law. Accordingly, both the definition of Missouri's second-degree robbery statute and the manner in which it has been applied meet the ACCA's definition of a violent felony. As a result, Movant's prior Missouri second-degree robbery conviction qualifies as a predicate offense. Because Movant had been convicted of two other predicate offenses[4], he was appropriately sentenced under the ACCA and is not entitled to relief.

Under Kansas law, "[r]obbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person." Kan. Stat. § 21-5420. Like the Missouri statute, Kansas's statute tracks the language of the ACCA, requiring the use or threatened use of physical force against another. However, Movant again urges this Court to look beyond Kansas's definition of robbery, and into the facts of individual cases where defendants were charged with robbery in Kansas. (Doc. # 1, p. 10). The first case cited by

---

[4] His two second-degree assault convictions

6

Movant, *State v. Bateson*, 970 P.2d 1000 (Kan. 1998), dealt not with whether the force used was sufficient under Kansas's definition of robbery, but instead dealt with the time upon which the force was used as, in Kansas, the force must be used during the course of the taking and not the escape. *Bateson*, 970 P.2d at 1003. Further, the force used in *Bateson*, shoving, is sufficient under *Johnson I*. *See Johnson I*, 559 U.S. at 140.

The second case cited by Movant is *State v. McKinney*, 961 P.2d 1 (Kan. 1998). In *McKinney*, the defendant pushed the victim against a door and grabbed her purse. *McKinney*, 961 P.2d at 106. This force, pushing, is also sufficient under *Johnson I*. *See Johnson I*, 559 U.S. at 140. Accordingly, both the definition of Kansas's robbery statute and the manner in which it has been applied meet the definition of a violent felony from the ACCA. As a result, Movant's prior Kansas robbery conviction also qualifies as a predicate offense. Thus, Movant has four predicate felonies under the ACCA, more than enough to warrant the enhancement, even after *Johnson*.[5]

## IV.   EVIDENTIARY HEARING AND CERTIFICATE OF APPEALABILITY

A movant is not entitled to an evidentiary hearing on a § 2255 motion if the motion and the files and record of the case conclusively show he is entitled to no relief. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). No hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007). It is clear, from the above discussion, an evidentiary hearing is not necessary to resolve Movant's claims. Movant's claims fail as a matter of law.

---

[5] The Court need not reach Movant's arguments regarding his prior second-degree burglary convictions as his assault and robbery convictions are more than sufficient to warrant the ACCA sentencing enhancement.

7

Additionally, a movant can appeal a decision to the Eighth Circuit only if a court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued only if a movant can make a substantial showing of a denial of a constitutional right. *Id.* § 2253(c)(2). To meet this standard, a movant must show reasonable jurists could debate whether the issues should have been resolved in a different manner or the issues deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). As discussed above, Movant's claims fail as a matter of law, and the merits of his claims are not debatable among jurists or deserving of further proceedings.

## CONCLUSION

Even following the Supreme Court's decision in *Johnson*, Movant's sentencing enhancement under the ACCA is proper. Three predicate offenses are required for the ACCA's sentencing enhancement to apply. Movant agrees that his two prior assault convictions qualify as predicate offenses. Additionally, Movant's prior robbery convictions meet the ACCA's definition of violent felony and thus, also qualify as predicate offenses. Accordingly, for these reasons and the reasons stated above, his sentence was proper and relief is not warranted. Movant's Motion is DENIED, no evidentiary hearing is necessary, and no certificate of appealability shall be issued.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 11, 2016